## C. A. BROWN *vs.* C. N. SPENCER.

### QUO WARRANTO.

HEARING, NOVEMBER 23, 1892.   DECISION, DECEMBER 5, 1892.

JUDD, C.J., BICKERTON AND DOLE, JJ.

The Writ of Quo Warranto as defined and regulated by the Act of 1876 is confined to officers in corporations and is not applicable to officers of the Government.

OPINION OF THE COURT, BY BICKERTON, J.

The petitioner represents, *inter alia,* that he is the lawfully appointed and qualified assessor and collector of taxes for the first division, being the Island of Oahu, an office established by law. That Charles N. Spencer, of Honolulu, in said island, defendant, now usurps said office and without the consent of the petitioner has obtained possession of the books pertaining to said office, and is now illegally performing the duties of said office. And he prays that a writ of quo warranto may issue directed to said C. N. Spencer, commanding him to appear at a time and place, and show by what authority he now presumes to perform the duties of assessor and collector of taxes for said first division, and that he may be removed from said office and adjudged to have no title to the same.

On this complaint an order was made for process to issue, returnable before the Supreme Court in Banco on Monday, November 21st, 1892, on which day a continuance was agreed to by consent of the parties. The matter came on for hearing on the 23d of the same month, and the respondent filed a demurrer to the petition and writ setting forth five grounds of demurrer. The second ground is "that the proceeding for a writ of quo warranto will not lie under the statute against this respondent."

We are of opinion that this ground alone is decisive of this question; consequently it becomes unnecessary to consider the other grounds.

The original law gave the Supreme Court the power to issue writs of quo warranto and all other writs "to courts of inferior jurisdiction, to corporations and individuals." In 1876 an Act was passed entitled "An Act to define the nature and to regulate the issuing of writs of mandamus, prohibition, certiorari, and quo warranto." Part Four of the Act reads:

" Of the writ of Quo Warranto.

" Section 36. This also is an order issuing in the name of the Sovereign by the Supreme Court in term, or by any Justice thereof in vacation, and directed to a person who claims to usurp an office in a corporation, inquiring by what authority he claims to hold such office."

Section 37 of the same Act reads as follows : "It may also be granted upon the application of the Attorney-General against individuals acting as a corporation without being legally incorporated, and against any corporate body offending against the provisions of any law relating to such corporation, for misuser, for non-user, for doing or omitting any acts amounting to a surrender of its charter, and for exercising rights not conferred upon it."

And Section 44 of said Act reads as follows: "Where the Legislature has granted to a corporation the right to determine the validity of the elections of its members or officers, a writ shall not be issued for the purpose of inquiring into that fact."

It will be seen at once, on reading these sections, that it was the intention to confine the issuing of this writ to corporations and in corporation matters only, and not to private individuals, except in cases connected with corporations. And we are of opinion that the statute so limits this writ. The Act clearly defines the writ and regulates the issuing of the same, then how can the Court extend or enlarge its provisions ?

The demurrer is therefore sustained.

*F. M. Hatch,* for petitioner.

*A. P. Peterson* and *C. Creighton,* for respondent.